THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HCL AMERICA INC., | CASE NO. C20-0331-JCC |
| Plaintiff, | ORDER |
| v. | |
| KARTHIK VENKATESAN, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to extend the deadline to serve Defendant and to permit service by publication (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

In 2013, Defendant was hired by Plaintiff as a sales director. (Dkt. No. 1 at 2.) Defendant lived in Ohio but travelled to Washington to perform his work duties and received reimbursement for business-related expenses. (*Id*.) In 2017, Plaintiff learned that Defendant had been living in the Seattle area since January 2016 but had continued to bill travel expenses until August 2017, including reimbursement for flights, hotels, and meals, totaling nearly $200,000. (*Id*. at 4.) In 2020, Plaintiff commenced this suit and has made numerous attempts to effectuate service on Defendant without success. (Dkt. No. 10.) Plaintiff now requests a 60-day extension

of the service deadline and permission to effect service by publication. (*Id.*)

## II. DISCUSSION

### A. Extension of Service Deadline

Federal Rule of Civil Procedure 4(m) sets a 90-day period for service upon a defendant, at which time the court must dismiss the action or order service within a specified time. If the plaintiff shows good cause for failure to effectuate service, the court must extend the service deadline for an appropriate period. *See* Fed. R. Civ. P. 4(m).

Here, Plaintiff has attempted to serve Defendant at nine different addresses, left summonses at the residence owned by Defendant, mailed summonses to Defendant's last five known addresses, attempted to serve Defendant at his job, and attempted to leave a summons with Defendant's sister. (*See* Dkt. No. 10 at 6–14). None have been successful. Each effort to serve Defendant at his known addresses over a two-month period failed. (*Id.*) When a process server attempted to serve Defendant at his job, the person later identified as Defendant ignored the process server and refused to acknowledge his identity. (*Id.*) And Defendant's sister refused to accept service on Defendant's behalf. (*Id.*)

Thus, Plaintiff has demonstrated its many attempts to serve Defendant with copies of the summons and complaint. (*See id.*; Dkt. No. 11-1 at 8–40.) And it appears that Defendant has successfully evaded service despite Plaintiff's good faith efforts. Accordingly, under Rule 4(m), the Court must extend the service deadline for an appropriate period.

### B. Service by Publication

Federal Rule of Civil Procedure 4(e) allows for service on individuals by complying with state law regarding service where service is not possible despite good faith efforts. Plaintiff has shown that it has been unable to effectuate service despite its good faith efforts. *See supra* Section II.1. Therefore, pursuant to Rule 4(e), the Court looks to Washington state law on service. Wash. Rev. Code § 4.28.100(2) allows service by publication when the plaintiff has made good faith efforts to serve the defendant and it appears the defendant has departed the state

1 or is attempting to avoid service.

2 Here, Plaintiff has met the criteria set forth by § 4.28.100(2). (*See* Dkt. No. 10 at 2–14.) Plaintiff's affidavits detail its failure to serve Defendant at home, at work, and at his known addresses. In fact, when a process server attempted to serve the person later identified as Defendant at Defendant's place of work, Defendant ignored the process server before leaving the building. (*Id.* at 2.) It thus appears Defendant is purposefully avoiding being served. Accordingly, the Court finds that allowing service by publication pursuant to Rule 4(e) and § 4.28.100(2) is merited in this case.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for extension of service deadline and permission to make service by publication (Dkt. No. 10) is GRANTED. The service deadline is EXTENDED by 60 days. Plaintiff is GRANTED permission to effectuate service on Defendant by publication pursuant to Wash. Rev. Code § 4.28.100(2).

DATED this 19th day of June 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE